McIlvaine, J.
The first point claiming the attention of the court is raised by the state. It is claimed that this court has no jurisdiction in the premises. The jurisdiction of the supreme court, in criminal cases, is limited by section 7356 of Revised Statutes, as amended April 18, 1883 (80 Ohio Laws, 170), as follows : “ But in the supreme court only errors of law occurring at the trial or appearing in the pleadings or judgment can be reviewed.”- The point is, that errors of law occurring at the impaneling of the jury are not reviewable. This depends on the solution of the question whether the impaneling of the jury is a part of the “ trial,” within the meaning of this statute. In section 7269 of thé sam„e chapter of the statute, it is provided that “ the first thirty-six jurors who answer to their names at the trial,” &c. This evidently relates to a point of time anterior to the swearing of the jury. Again, section 7300 provides “after the jury is impaneled and sworn, the *602 trial shall proceed,” &c. This use of the word proceed, instead of commence, indicates that the trial was in progress. Hence, we have concluded that within the meaning of this statute the impaneling of 'the jury is embraced in the “ trial ” of the cause.
At the time plaintiff in error was tried in the court of common pleas, section 7278 of Revised Statutes, as amended March 18, 1884 (81 Ohio Laws, 53), was'in force, which prescribes the causes for challenging a person called as a juror in criminal cases. Among other things it prescribes as a cause for challenge “ that he has formed or expressed an opinion as to the guilt or innocence of the accused; but if a juror has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine such juror on oath as to the grounds of such opinion, and if ■such juror shall say that he believes he can render an impartial verdict, notwithstanding such opinions, and if the court is satisfied that such juror will render an impartial verdict on the evidence, may admit him as competent to serve in such case, as a juror.” The constitutionality of this statute has been established (Wagner v. State, ante, 537), and is not now in question. The provision of the constitution which it was supposed to violate, is in section 10, article 1, which guarantees to every person accused of crime “ a speedy public trial by an impartial jury.” For a long time it was assumed in practice that a person who had formed or expressed an opinion as to the guilt or innocence of the accused, was not an impartial juror. That .the forming or expressing of such opinion is strong evidence of a prejudice that is inconsistent with impartiality, has never been doubted; but that it is necessarily equivalent to a partiality, which renders the juror incompetent, is not true. That an opinion as to the guilt or'innocence of a person accused off crime, based upon the hypothesis of the truth or falsity of certain information, without any opinion or conviction as to the truth or falsity of the information, is entirely consistent with such impartiality, as is contemplated by this provision of the constitution. A wide margin existed between the practical rule and the constitutional rule on this *603 subject. In the course of time, as the means of disseminating information and news was greatly augmented in the state, by the increase of newspapers, the general assembly curtailed the grounds of challenge in this respect, as it might well do, and the result was the rule laid down in original section 1278 of Revised Statutes, as follows: “ that he has formed or expressed an opinion as to the guilt or innocence of the accused ; but if a juror state that he has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine such juror, on oath, as to the ground of such opinion, and if it appear to have been founded upon reading newspaper statements, communications, comments or reports, or upon rumor or hearsay, and not upon conversations with witnesses of the transactions, or reading reports of their testimony, or hearing them testify, and the juror state, on oath, that he -feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court, if satisfied that he is impartial, and will render such verdict, may, in its discretion, admit him as competent to serve in such case.”
The whole ground of legislative discretion was not occupied, but as an opinion based on conversations with witnesses of the transactions, or the reading of their testimony, or hearing them testify was more likely to prejudice the person entertaining it, such opinion is left as an absolute cause of challenge.
Subsequent circumstances occurred in the history of the state which induced the general assembly to again modify the rule, by further limiting the grounds of challenge for cause by the amendment of section 7278 (81 Ohio Laws, 53, commonly called the Pruden Law), whereby an opinion based on conversations with witnesses of the transactions, or hearing them testify, or reading reports of their testimony was not sufficient ground for challenge, if the juror, on oath, would say that he believed he could render an impartial verdict notwithstanding such opinion, and the court were satisfied that such juror would render an impartial verdict on the evidence. The whole'field of legislative discretion was thus *604 occupied, but not overreached. The constitutional rule was not violated, as it is quite clear that a juror having formed an opinion of the guilt or innocence of the accused from such information may, nevertheless, be impartial within the meaning of the constitution.
It must, however, be affirmed, that neither legislative discretion nor a discretion conferred by the legislature upon the court, can be allowed to detract one jot or tittle from the guarantee of the’constitution that the accused shall bo tried by an impartial jury. That this statute may have a constitutional operation to the full extent of the language employed, has, heretofore been recognized by this court; but that the court, under the discretion given it by the statute, may evade or nullify the provision of the constitution no one will for a moment contend. Whatever latitude might otherwise, by construction, bo'placed on the discretion given-to the court, it is beyond doubt that the limit imposed by the constitution cannot be overleaped. No juror can be impartial whose prejudice or bias, as to the whole issue, has the force or effect of evidence at trial. This discretion is not absolute, or its exercise a finality. It is a sound legal discretion and can be reviewed. The constitution is not made of such flimsy stuff that its guarantees can be thus brushed aside. The general assembly had no intention to establish such a rule.
In the judgment of the majority of the court, the challenge for cause of the juror Sampson should have been sustained, and the error of the' court in overruling the challenge was prejudicial to the accused.
The juror, on oath, stated that he had formed and expressed an opinion as to the guilt or innocence of the accused, that his opinion had been formed from the reading of the testimony of witnesses in the ease and the reading what purported to be a confession of the accused. That if sworn as a juror he would take his opinion into the jury box, and that the opinion would remain the same until it was changéd by testimony, and that it would require strong testimony from the accused to change his opinion ; and that he would, as such juror, be governed by his opinion until it was so changed.
*605 It is true that the.juror admitted, being pressed thereto, that he felt able to render his verdict upon the evidence, and lay his opinion aside, or at least he would try to do so, and he thought he could do so. The case was thus brought within the letter of the statute which authorized the court, if it were satisfied that the juror would render an impartial verdict on the evidence, to admit him as competent to serve as a juror, but we think the case was not within the spirit of the statute, for the reason that the juror had shown himself not to be impartial within the meaning of the constitution. The juror must be impartial. The opinion of the court that he will render an impartial verdict on the evidence is not equivalent to 'the guarantee of the constitution. A juror may have been an eye-witness to all the circumstances of the transaction which constitute the crime charged; sucha juror is not impartial, and the opinion of the court that he is able to render an impartial verdict in the case, does not render him impartial.
The true spirit and meaning of this statute is that notwithstanding an opinion formed or expressed by the juror, if he believe himself to be impartial and able to render a verdict according to the evidence, the court being satisfied of his impartiality, he may be admitted as a competent juror to try the case.
In our opinion, the court below, in following the letter of the statute, overlooked its principle, and confounded the impartiality required by the constitution with the ability of the juror, notwithstanding his prejudice, to render an impartial verdict, and by overruling the challenge, imposed upon the accused a risk or burden which the constitution relieved him from bearing.
The judgment below must be reversed for another error appearing on the record. The defendant was tried in June, 1884, and the jury was impaneled under the Pruden law; which was passed on March 18, of that year. The crime for which the accused was tried and convicted was committed in December, 1883, and the prosecution of defendant therefor was commenced soon thereafter, the first indictment being found against him, jointly with one Berner, for the crime of *606 which he was convicted in January, 1884. This indictment having been destroyed by fire, another indictment for the same crime was returned by the grand jury in May of the same year. The Pruden law was passed after the prosecution had commenced and while it was pending. The Pruden law repealed the original section 7278 of Revised Statutes, which was in force at the time the crime was committed and when the prosecution therefor was commenced, and for some months while such prosecution was pending in the court of common pleas of Hamilton county.
By section 79 of Revised Statutes, which has been in force since its enactment, it is provided that “ Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions or proceedings, unless so expressed.” By this section it is quite clear that the Pruden law had no application to the prosecution of plaintiff in error which was pending before its passage.
The repeal and amendment of original section 7278 related to the remedy for the offense as was then being prosecuted against the plaintiff in error, and it was not expressed in the amended act that it should have effect in pending prosecutions.
It follows therefore that the jury in this prosecution should have been impaneled in accordance with the provisions of the repealed section, which made an opinion formed from reading the report of the evidence of witnesses of the transaction a good and sufficient cause for the challenge of a juror. See Hartnett v. State, reported in this volume.

Judgment reversed and causé remanded for a new trial.